# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOISA FRIAS,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. CV 15-02185-JEM<br><br>MEMORANDUM OPINION AND ORDER<br>AFFIRMING DECISION OF THE<br>COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On March 24, 2015, Eloisa Frias ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on July 8, 2015.  On November 3, 2015, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 48-year-old female who applied for Social Security Disability Insurance benefits on May 20, 2011, alleging disability beginning February 4, 2011.  (AR 20.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 4, 2011, the alleged onset date.  (AR 22.)

Plaintiff's claim was denied initially on October 18, 2011, and on reconsideration on April 10, 2012.  (AR 20.)  Plaintiff filed a timely request for hearing and on July 9, 2013, the Administrative Law Judge ("ALJ") Mary L. Everstine held a video hearing in San Luis Obispo, California.  (AR 20.)  Plaintiff appeared in San Luis Obispo and testified at the hearing.  (AR 20.)  Plaintiff was represented by counsel.  (AR 20.)  Vocational expert ("VE") Alan E. Cummings also appeared and testified at the hearing.  (AR 20.)

The ALJ issued an unfavorable decision on July 22, 2013.  (AR 20-29.)  The Appeals Council denied review on October 28, 2014.  (AR 10-12.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ's finding of no-severe mental impairment is based on substantial evidence and free of legal error.

2.    Whether substantial evidence supports the ALJ's determination that Ms. Frias can return to her past relevant work as an eligibility worker.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

1  Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

2  reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at

3  401 (internal quotation marks and citation omitted).

4      This Court must review the record as a whole and consider adverse as well as

5  supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where

6  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

7  upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

8  "However, a reviewing court must consider the entire record as a whole and may not affirm

9  simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882

10 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

11 F.3d 625, 630 (9th Cir. 2007).

12                                    **THE SEQUENTIAL EVALUATION**

13     The Social Security Act defines disability as the "inability to engage in any substantial

14 gainful activity by reason of any medically determinable physical or mental impairment which

15 can be expected to result in death or . . . can be expected to last for a continuous period of not

16 less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

17 established a five-step sequential process to determine whether a claimant is disabled.  20

18 C.F.R. §§ 404.1520, 416.920.

19     The first step is to determine whether the claimant is presently engaging in substantial

20 gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

21 in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137,

22 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

23 combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not

24 significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must

25 determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R.

26 Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment

27 meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen,

28 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the

3

claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 4, 2011, the alleged onset date.  (AR 22.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: right shoulder impingement, status post right shoulder surgical repair; status post right carpal tunnel release and tenosynovectomy; degenerative disc disease lumbar spine and cervical spine.  (AR 22.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 23.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> Claimant is further limited to occasional climb, stoop, crouch, and crawl; frequent balance and kneel; frequent, but not constant, handling and fingering; occasional left foot control and pushing/pulling; and occasional overhead reaching bilaterally.

(AR 23-28.)  In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here.  (AR 25.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as an eligibility worker.  (AR 28.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 28-29.)

## DISCUSSION

The ALJ's decision must be affirmed.  The ALJ properly determined that Plaintiff's mental impairments are nonsevere.  The ALJ's RFC is supported by substantial evidence.

The ALJ properly determined that Plaintiff was able to perform her past relevant work as an eligibility worker.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I.   THE ALJ PROPERLY DETERMINED THAT PLAINTIFF'S MENTAL IMPAIRMENTS ARE NONSEVERE

Plaintiff contends that the ALJ's nonseverity finding as to her mental impairments is not supported by substantial evidence.  The Court disagrees.

///

///

A.   **Relevant Federal Law**

1.   Nonseverity

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments.  Bowen, 482 U.S. at 140-41.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id.  Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two determination is a de minimis screening device to dispose of groundless claims.  Bowen, 482 U.S. at 153-54.  An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  See SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential process should not end at step two.  Webb, 433 F.3d at 687 (adopting SSR 85-28).

2.   Physician Opinions

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who

neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

7

**B.    Analysis**

Plaintiff Eloisa Frias alleges pain and weakness in her neck, upper and lower back, right shoulder, right carpal tunnel syndrome, and depression and anxiety. (AR 22, 24.) The ALJ acknowledged Plaintiff's medically determinable severe physical impairments of right shoulder impingement, carpal tunnel release, and degenerative disc disease. (AR 22.) The ALJ assessed a light work RFC with some limitations, noting improvement with treatment and medication. (AR 23-24, 28.) The ALJ, however, found that Plaintiff's impairments of depression and anxiety are nonsevere. (AR 22, 27.) Plaintiff, relying on moderate limitations found by consulting psychological examiner Dr. Debra Di Giaro and two State agency reviewers, contends that the ALJ's mental nonseverity finding lacks the support of substantial evidence.

The ALJ did afford significant weight to the opinion of Dr. Di Giaro who reported that Claimant denied any previous psychiatric hospitalizations, outpatient mental health treatment, or psychotherapy. (AR 26.) She also denied any history of suicide attempts, major depression, psychosis, schizophrenia, bipolar disorder, OCD, or PTSD. (AR 26.) Dr. Di Giaro diagnosed adjustment disorder with mixed anxiety and depressed mood. (AR 26.) Dr. Di Giaro opined that the Claimant's ability to work in the workplace was essentially intact, with only mild impairments in maintaining regular attendance and completing a normal workweek without interruptions from a psychiatric standpoint. (AR 26, 357-358.) Dr. Di Giaro also opined that Claimant's ability to deal with stress in the workplace is moderately impaired. (AR 358.)

State agency reviewers Dr. Kim Morris and Dr. William Meneese opined Claimant had moderate limitations in ability to maintain concentration, persistence or pace, understand and remember detailed instructions, complete a workweek, or respond appropriately to changes in the workplace. (AR 27, 70, 71, 89, 90.) The ALJ gave only some weight to the opinions of Dr. Morris and Dr. Meneese. (AR 27.)

Plaintiff contends that the moderate limitations assessed by Dr. Di Giaro, Dr. Morris, and Dr. Meneese cannot be viewed as nonsevere. Plaintiff further notes that the ALJ did not mention Dr. Di Giaro's assessment of moderate limitations in Claimant's ability to deal with

stress in the workplace.  (AR 358.)  Although true, the ALJ made clear that she was rejecting all assessments of moderate limitations based on contradicting evidence and she gave specific, legitimate reasons for rejecting such limitations.  The ALJ specifically noted that the medical evidence is devoid of any mental health treatment or psychiatric hospitalizations, and Claimant is receiving no mental health treatment or psychotherapy.  (AR 22, 26.)  Thus, the ALJ found that Claimant's medically determinable mental health impairments "to be only <u>mild</u> in severity." (AR 22.)  The ALJ specifically found Claimant had no restrictions in daily activities or in social functioning, and only had mild difficulties in regard to persistence, concentration and pace.  (AR 23.)  She further found that the brief references to mild depression and anxiety in the record are not enough to establish a severe impairment.  (AR 27.)  Mild limitations generally are considered nonsevere.  <u>See</u> 20 C.F.R. § 404.1520a(d)(1).

The ALJ provided sound reasons for rejecting the moderate limitations assessed by Dr. Di Giaro, Dr. Morris, and Dr. Meneese.  The ALJ made an adverse credibility finding (AR 25, 27) that Plaintiff does not contest.  As there has not been any mental health treatment or records (AR 26), the opining medical sources were dependent on Plaintiff for their opinions. Medical source opinions based on the subjective complaints of a claimant whose credibility has been discounted can be properly disregarded.  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001).

More specifically, the ALJ repeatedly noted Plaintiff's lack of mental health treatment. (AR 22, 26, 27, 28.)  Conservative treatment is a valid basis for discounting credibility. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008).  Additionally, the ALJ found that Claimant's daily activities are inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility.  <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345-46 (9th Cir. 1991).  The ALJ identified a long list of activities, including chores, cooking, exercising, and shopping.  (AR 28, 26.)  Medication resulted in significant improvement in Plaintiff's functional ability to do these activities.  (AR 26, 28.)  Impairments that can be controlled effectively with medication are not disabling.  <u>Warre v. Comm'r of Soc. Sec.</u>, 439 F.3d 1001, 1006 (9th Cir. 2006).  The ALJ concluded that Plaintiff's daily activities "reveal a claimant who is not

1  constantly experiencing pain, depression or anxiety" and are further proof that she is capable of

2  performing past relevant work.  (AR 28.)  An ALJ may reject a physician's opinion that is

3  contradicted by the claimant's own admitted or observed abilities.  Bayliss, 427 F.3d at 1216.

4          Thus, the ALJ rejected the moderate limitations assessed by Dr. Di Giaro, Dr. Morris,

5  and Dr. Meneese for specific, legitimate reasons supported by substantial evidence.  Plaintiff

6  does not address any of the reasons presented by the ALJ for rejecting the moderate

7  limitations assessed by Dr. Di Giaro, Dr. Morris, and Dr. Meneese.

8          Plaintiff disagrees with the ALJ's nonseverity determination, but it is the ALJ who has the

9  responsibility to resolve ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's

10  interpretation of the record evidence is reasonable, as it is here, it should not be second-

11  guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

12         The ALJ's nonseverity determination in regard to Plaintiff's mental impairments is

13  supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.

14  **II.      THE ALJ PROPERLY DETERMINED PLAINTIFF COULD
           PERFORM HER PAST RELEVANT WORK**

15

16         Plaintiff contends that the ALJ erred in finding that Plaintiff is able to perform her prior

    relevant work ("PRW") as an eligibility worker.  The Court disagrees.

17         **A.      Relevant Federal Law**

18

19         A claimant has the burden of proving that he or she no longer can perform past relevant

    work.  Pinto, 249 F.3d at 844.  The ALJ, however, has a duty to make requisite factual findings

20  to support his conclusion on PRW.  Id.  This is done by examining a claimant's RFC and the

21  physical and mental demands of the claimant's PRW.  Id. at 844-45.  Social Security

22  regulations advise the ALJ to consider first whether the individual still can do PRW as he or she

23  actually performed it because individual jobs within a category may not entail all of the

24  requirements of a job in that category as set forth in DOT.  SSR 96-8p; Pinto, 249 F.3d at 845.

25  The claimant is an important source of information about PRW.  SSR 82-41; Pinto, id.  Other

26  sources of information that may be consulted include VE testimony and the Dictionary of

27  Occupational Titles ("DOT").  20 C.F.R. §§ 1560(b)(2) and 416.960(b)(2); SSR 82-61.

28

1   The ALJ then can proceed to determine whether a claimant can perform his or her PRW

2   as generally performed.  Id.  Typically, the best source of how a job is generally performed in

3   the national economy is the DOT.  Id.  The DOT raises a presumption as to job classification

4   requirements.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  An ALJ may accept

5   vocational expert testimony that varies from the DOT, but the record must contain "persuasive

6   evidence to support the deviation."  Id. at 846 (quoting Johnson, 60 F.3d at 1435).  The ALJ

7   has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and

8   the DOT.  SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).  If there is a

9   conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide

10  whether to rely on the VE or DOT.  Id.; Massachi, 486 F.3d at 1153.  Failure to do so, however,

11  can be harmless error where there is no conflict or the VE provides sufficient support to justify

12  variation from DOT.  Id. at 1154 n.19.

13      **B.    Analysis**

14      The ALJ assessed Plaintiff with a light work RFC restricted to "occasional overhead

15  reaching bilaterally."  (AR 23-24.)  The ALJ posed a hypothetical question to the VE containing

16  all of the limitations in the ALJ's RFC, including the overhead reaching limitation.  (AR 49.)  The

17  VE testified that with the ALJ's RFC Plaintiff could perform her past relevant work as an

18  eligibility worker as described in DOT code 195.267-010.  (AR 48-49.)  The ALJ then asked the

19  VE whether his opinion is based on the DOT and he answered in the affirmative.  (AR 49.)  The

20  ALJ concluded that Plaintiff could perform her past relevant work as an eligibility worker as

21  actually and generally performed.  (AR 28.)  The ALJ also concluded that the VE's testimony

22  was consistent with the DOT.  (AR 28.) Plaintiff contends that the DOT requirement of "frequent

23  reaching" conflicts with ALJ's RFC limitation of "occasional overhead reaching bilaterally."  (AR

24  23-24.)  Thus, Plaintiff argues that the VE's testimony and the ALJ's PRW finding are

25  inconsistent with the DOT, and that the VE and ALJ failed to explain that conflict.  The Court

26  disagrees.

27      There is no conflict between the ALJ's RFC limitation of "occasional overhead reaching

28  bilaterally" and the DOT requirement of "frequent reaching."  The DOT does not define

"reaching," but the Commissioner has described reaching as "extending the hands and arms in any direction."  SSR 85-15, at *7 (1985 WL 56857); see also Revised Handbook For Analyzing Jobs, Ex.1 at 12-6.  Case law has established that the DOT's "reaching" limitation includes above the shoulder reaching.  Newman v. Astrue, 2012 WL 1884892, at *5 (C.D. Cal. May 23, 2012); Hernandez v. Astrue, 2011 WL 223595, at *3 (C.D. Cal. Jan. 21, 2011); Mkhitaryan v. Astrue, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010).  The reaching limitation, however, is generic and would include reaching downward, outward, and at and below shoulder level, as well as above the shoulder reaching, which is but a subset of all reaching.  Reaching need not always include overhead reaching nor does it preclude overhead reaching less than frequent. See Philpott v. Colvin, 2015 WL 4077307, at *7 (C.D. Cal. Jul. 6, 2015); Cortez v. Colvin, 2014 WL 1725796, at *9-10 (C.D. Cal. Apr. 30, 2014).  Thus, the Court rejects Plaintiff's assertion that the DOT requires frequent overhead reaching for the eligibility worker position.

The DOT job description, moreover, does not reveal any conflict between a frequent reaching requirement and a limitation to no more than occasional overhead reaching:

> Interviews applicants or recipients to determine eligibility for public assistance: Interprets and explains rules and regulations governing eligibility and grants, methods of payment, and legal rights to applicant or recipient.  Records and evaluates personal and financial data obtained from applicant or recipient to determine initial or continuing eligibility, according to departmental directives. Initiates procedures to grant, modify, deny, or terminate eligibility and grants for various aid programs, such as public welfare, employment, and medical assistance.  Authorizes amount of grants, based on determination of eligibility for amount of money payments, food stamps, medical care, or other general assistance.  Identifies need for social services, and makes referrals to various agencies and community resources available.  Prepares regular and special reports as required, and submits individual recommendations for consideration by supervisor.  Prepares and keeps records of assigned cases.

DOT 195.267-010.  These tasks do not indicate <u>any</u> overhead work is required.  Plaintiff's own descriptions of this job indicate no frequent overhead reaching is required for the eligibility worker job.  Indeed, she did not specify <u>any</u> tasks that required overhead reaching.  Her work history reports indicate reaching <u>in all directions</u> was required only fifteen minutes a day or at most two hours a day.  (AR 198, 207, 219.)  Thus, <u>all</u> reaching required is only occasional at most, and any overhead reaching only a subset of the reaching actually required.  Thus, Plaintiff's own experience demonstrates that eligibility worker jobs need not always require more than occasional overhead reaching.

As noted in <u>Strain v. Colvin</u>, 2014 WL 2472312, at *2 (C.D. Cal. Jun. 2, 2014), while the DOT recognizes that reaching is required, a reasonable person would conclude, once reviewing the job descriptions, that the job would not require constant or frequent overhead reaching.  Indeed, many DOT job descriptions specifically indicate when overhead work is involved.  See <u>Gonzalez v. Colvin</u>, 2013 WL 3199656, at *3-4 (D. Ore. Jun. 19, 2013) (giving numerous examples of DOT job descriptions making clear overhead reaching is required).  To find a conflict, this Court would have to read a requirement into the DOT that is not there.  <u>Id.</u> at *4.  As the DOT does not discuss overhead reaching, there is no conflict between the DOT and the ALJ's RFC limitation.  <u>Strain</u>, 2014 WL 2472312, at *2 (C.D. Cal. Jun. 2, 2014).  The ALJ correctly relied on the testimony of the VE who is knowledgeable about job requirements and who testified that he relied on the DOT.[1]  <u>Id.</u>  The VE's testimony is substantial evidence.  A VE's recognized expertise provides the necessary foundation for his or her testimony.  <u>Bayliss</u>, 427 F.3d at 1218.  No additional foundation is required.  <u>Id.</u>

Two other reasons weigh against Plaintiff's contention.  First, at the hearing, Plaintiff's counsel never pursued the issue with the VE or asked the VE about any potential conflict between the RFC limitation to only occasional overhead reaching bilaterally with the DOT

---

[1] Plaintiff's reliance on <u>Rivers v. Colvin</u>, 2014 WL 3845096, at *2 (C.D. Cal. Aug. 4, 2014) is misplaced.  In <u>Rivers</u>, the ALJ never inquired of the VE whether there was a conflict between the DOT and the ALJ's RFC, unlike here.  Additionally, <u>Rivers</u> is at odds with <u>Gonzalez</u>, <u>Strain</u>, <u>Philpott</u>, and <u>Cortez</u>, <u>supra</u>.  The Court declines to follow <u>Rivers</u>.

13

requirement for the eligibility worker job of frequent reaching.  Numerous cases have held that the ALJ is entitled to rely on the VE's uncontradicted opinion in such circumstances.  Cortez v. Colvin, 2014 WL 1725796, at *9 (C.D. Cal. Apr. 30, 2014); Carillo v. Astrue, 2012 WL 4107824, at *5-6 (C.D. Cal. Sep. 18, 2012); Solorzano v. Astrue, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012).  Second, we must remember that at step four of the sequential process Plaintiff has the burden to prove that she is unable to perform her past relevant work.  Pinto, 249 F.3d at 844.  Plaintiff has not met that burden here.

The ALJ's step four determination that Plaintiff can perform her past relevant work as an eligibility worker as generally performed is supported by substantial evidence.[2]  There is no conflict between the DOT requirement of frequent reaching for that job and the ALJ's RFC limitation of occasional overhead reaching bilaterally.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

### ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 10, 2015                    /s/ John E. McDermott
                                        JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Commissioner concedes there is a conflict between Plaintiff's description of the eligibility worker position as actually performed and the ALJ's RFC regarding fingering.  The ALJ's error is harmless because the ALJ correctly found that Plaintiff could perform this position as generally performed.  Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008) ("the relevant inquiry . . . is whether the ALJ's decision remains legally valid, despite [any] error").